UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>LENNY PERRY'S PRODUCE, INC.<br><br>Debtor. | ORDER<br>09-MC-0056S |
| JOHN B. ORDILLE, INC., et al.,<br><br>      Plaintiffs,<br><br>v.<br><br>LENNY PERRY'S PRODUCE, INC., et al.,<br><br>      Defendants. | Bankruptcy Case No.: 09-10297-MJK<br>Chapter 7<br><br>Adversary Proceeding No.: 09-01015-MJK |

**ORDER ESTABLISHING PACA TRUST CLAIMS PROCEDURE**

This matter came before the Bankruptcy Court upon the Motion of Plaintiffs John B. Ordille, Inc., Jackson's Farming Co., Wings Landing Farms, Pismo-Oceano Vegetable Exchange, Wendell Roberson Farms, Inc., and Brooks Tropicals, LLC (collectively, "Plaintiffs") for Establishment of a procedure by which to handle claims of creditors that arise under the Perishable Agricultural Commodities Act, 7 U.S.C. § 499 *et seq*. ("PACA"). In support of this Motion, Plaintiffs submitted a Memorandum with accompanying Exhibits. In response, the Debtor (through its attorney Robert R. Radel Esq.), submitted a Response dated May 5, 2009. On May 6, 2009, the Bankruptcy Court held a hearing on Plaintiffs' Motion, attended by counsel for Plaintiffs, Devin J. Oddo, and counsel for Debtor, Robert

1

R. Radel. On May 18, 2009, the Bankruptcy Court conducted a conference call to discuss the motion, attended by Mr. Oddo, Mr. Radel, Trustee Harold P. Bulan and U.S. Trustee Joseph W. Allen. After consideration of all materials and arguments, the Bankruptcy Court stated that:

1. The Debtor's PACA trust assets are not property of the estate and are not available for bankruptcy distribution until the claims of qualified PACA creditors have been satisfied.

2. That a PACA Claims Procedure ("Order") is appropriate, to a) establish a procedure wherein PACA claimants will establish their rights as qualified PACA creditors, b) establish a fund consisting of potential PACA Trust assets, c) set a procedure for the payment of qualified PACA creditors, if any, from the PACA Trust, and d) determine the amount of monies or assets that are available, after the payment of qualified PACA claims, if any, which would constitute the bankruptcy estate.

Accordingly, **IT IS HEREBY ORDERED AND ADJUGED** as follows:

## THE PACA CLAIMS PROCEDURE

1. Debtor shall, within five (5) business days from the date of Judge Kaplan's Order dated August 7, 2009, provide Plaintiffs' counsel with the names and addresses of any additional or potential PACA claimants that are not listed on the Debtor's bankruptcy petition.

2. Plaintiffs' counsel shall, within ten (10) business days of Judge Kaplan's Order dated August 7, 2009, issue written notice ("Notice") via regular mail, in a form

similar to Exhibit A, to every creditor indicated in the Debtor's bankruptcy petition, their counsel of record and entities who filed a Notice of Appearance. All persons or entities claiming to be PACA trust beneficiaries of the Debtor are <u>hereby granted leave to intervene</u>, without further notice or motion, and once having intervened and filed a Proof of Claim, each such entity shall be bound by all Orders entered in this case.

3. The Notice shall set forth the following filing deadlines;

**Complaint in Intervention *and* PACA Proof of Claim ("Claim Deadline") . . . August 31, 2009**

**Objections to PACA Proofs of Claim ("Objection Deadline") . . . September 17, 2009**

**Responses to Objections ("Response Deadline").. . . . . . . . . . September 30, 2009**

4. Each unpaid supplier of Produce holding a claim for nonpayment and alleging rights under PACA, shall file with the Clerk of the Bankruptcy Court for this District, and serve counsel for Plaintiffs and Debtors, on or before the Proof of Claim deadline, a completed PACA Proof of Claim in a form similar to that attached to this Order as Exhibit B together with all supporting documents **and** a Complaint in Intervention which complies with Fed.R.Civ.P. 8(a).

5. Any supplier or creditor who fails to timely file and properly serve a PACA Proof of Claim with supporting documentation **and** Complaint in Intervention shall be forever barred from thereafter asserting any claim against Debtor, its officers, directors, or employees, the Chapter 7 Trustee, the Bankruptcy estate and the Plaintiffs, whether in this Court or any other forum, and also forever barred from participating in any PACA distribution in this action. Each PACA Proof of Claim must a) be verified by either the

owners or an authorized employee of the respective claimants having personal knowledge of the facts comprising such claims, b) attach the invoices and documents supporting the PACA claim, and c) set forth the facts to establish a PACA claim.

6. Objections to PACA claims must be filed with the Bankruptcy Court and properly served on or before the "Objection Deadline." The Objection must set forth in detail the legal and factual basis for the objection to each invoice subject to the objection.

7. A PACA claimant whose claim is subject to an objection may file with the Bankruptcy Court and properly serve a response to an objection on or before the "Response Deadline." A claim will be disallowed if an objection was timely filed and the claimant fails to file a timely response.

8. Any PACA claim, or portion thereof, to which no objection has been filed and served prior to the Objection Deadline, shall be deemed a valid PACA trust claim for the non-objected to amount stated in the PACA Proof of Claim.

9. In the event the claimant and the objecting party are unable to resolve such dispute or the objection is not withdrawn, the court shall determine the objection(s) by motion and or require a hearing for determination of the validity of the disputed claims.

**LIQUIDATION OF THE POTENTIAL PACA TRUST ASSETS**

10. Debtor shall not retain any monies or assets that could be considered PACA Trust Assets. Any such items received by the Debtor shall be promptly turned over to Plaintiff's Counsel and / or the Chapter 7 Trustee. Plaintiffs Counsel and/or the Chapter 7 Trustee shall promptly, aggressively and economically liquidate any and all Receivables or other debts owed to Debtor, through any reasonable means. Any monies received by

the Trustee shall be held in the Trustee's account. Any monies received by Counsel for the Plaintiff shall be deposited into a separate interest bearing account at any insured and chartered financial institution with a branch located within this federal district, with such account to be opened under the account name of "Lenny Perry's Produce, Inc. PACA Trust Account," (the "PACA Trust Account"). Signatories shall be counsel for Plaintiffs whom shall receive copies of the monthly statements and upon demand, provide statements to the Court, the Chapter 7 Trustee, and Debtor's counsel.

11. No distributions or withdrawals may be made from the PACA Trust Account, except as authorized in this Order or by further order of this Court or the Bankruptcy Court. The PACA Trust Account and Chapter 7 Trustee's Account are not subject to execution by any creditor of the Debtor.

12. Immediately upon opening the PACA Trust Account, Debtor shall transfer any and all sums received on behalf of Debtor, or otherwise derived from Debtor's PACA Trust Assets, to the PACA Trust Account or the Chapter 7 Trustee Account to be distributed pursuant to the further order of this court.

13. In order to ensure all trust beneficiaries share in the costs and expenses incurred in enforcing the claims under PACA on the same pro-rata basis as they are accepting the benefits of such actions, including the prospective fees and costs of marshalling the PACA trust assets for their direct benefit, counsel for Plaintiffs, the Chapter 7 Trustee, the Debtor, and any other entity that incurs costs shall include their common fund fees and costs as an expense of the PACA trust and shall be reimbursed, from the PACA trust, upon a fee application approved by this Court or the Bankruptcy Court.

14. Upon motion by a party in interest, the Bankruptcy Court may recommend to this Court the disbursement of the monies contained in the PACA Trust Account to the PACA claimants, if any, to counsel (for fees and costs relating to the PACA claims procedure), the Chapter 7 Trustee, and the Bankruptcy Estate, as their interest appear and are determined. Any and all other lawsuits and legal proceedings, against Debtor, including reparation actions filed with the United States Department of Agriculture and other administrative actions, are subject to this Order. Any parties to such actions shall assert their rights against Debtor in this matter pursuant to this Order

15. This Court shall exercise exclusive *in rem* jurisdiction over this action, the PACA Claims Procedure, the PACA Claimants, and the potential PACA Trust Assets established pursuant to this Order. The Court also hereby retains jurisdiction to enter further Orders to enforce the terms of this PACA Claims Procedure. All such jurisdiction is hereby referred to the Bankruptcy Court for Report and Recommendation.

SO ORDERED.

Dated: September 16, 2009
       Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge